UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| SHAWNDA ROCHELLE AUGUSTUS | NO. 21-00033-BAJ-SDJ |

### PROTECTIVE ORDER

This matter, having come before the Court on the motion of the United States, by and through its undersigned counsel, and the Court, having found that entering a Protective Order regarding discovery is appropriate, and for good cause shown,

**IT IS HEREBY ORDERED** pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure that the following provisions shall govern handling of discovery in this matter:

1. Defense counsel shall use the information, documents, and other materials provided through discovery solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding without further Order of this Court.

2. Defense counsel shall securely maintain the information, documents, and other materials provided through discovery.

3. Upon the receipt of documents or other materials containing personal identifying information (including social security numbers, addresses, financial account numbers, dates of birth, witness statements in any form, or other records), defense counsel is to take all steps necessary to ensure that these materials are not disseminated to anyone other than the defense attorney, their staff (including investigators or experts), or Defendant (collectively, "authorized persons"), for use in connection with the defense of this case.

4. Defense counsel should inform authorized persons who receive the Discovery Materials that the Materials are provided subject to the terms of this Protective Order and that the authorized person must comply with the terms of a Protective Order.

5. The Discovery Materials may not be used by Defendant for any other purpose or be furnished to anyone else by Defendant.

6. No Discovery Materials may be left unattended at any place where it can be taken or copied by anyone who is not an authorized person.

7. Discovery Materials and their contents, as well as any notes or other record of such materials or their contents, should not be disclosed either directly or indirectly to any person or entity other than Defendant, defense counsel, persons employed to assist in the defense, individuals who are interviewed as potential witnesses in

the case, or such other persons as to whom the Court may authorize disclosure.

8. The Discovery Materials shall not be copied or reproduced except as necessary to provide copies of the materials to an authorized person as described above to prepare or assist in the defense, and all such copies or reproductions shall be treated in the same manner as the original matter.

9. Upon completion of this case, existing copies of the materials provided shall be shredded or returned to the United States.

10. The disclosure of provision of documents or materials by the Government to Defendant shall not operate as a waiver of any privilege or protection that could or may be asserted by the holder of any such privilege or protection.

11. The Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of the material.

12. Nothing in this Protective Order shall prevent any party from applying to the Court for further relief or for modification of any provision herein.

Baton Rouge, Louisiana, this 10th day of June, 2021

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA